**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1699
_____

UNITED STATES OF AMERICA

v.

TARIK McNISH,
                    Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 05-10)
District Judge: Honorable Thomas I. Vanaskie

_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2011

_____

Before: SLOVITER, GREENAWAY, JR., and ALDISERT, *Circuit Judges.*

(Opinion Filed:  October 31, 2011)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge.*

Appellant, Tarik McNish ("McNish"), violated the conditions of his supervised

release.  The District Court for the Middle District of Pennsylvania sentenced him to

twelve months of incarceration, followed by two years of supervised release.  McNish's

counsel ("Counsel") petitions this Court for permission to withdraw from representing

McNish on appeal, pursuant to Anders v. California, 386 U.S. 738 (1967).  For the

reasons set forth below, we will grant Counsel's petition and affirm the conviction and

sentence imposed by the District Court.

## I.  Background

We write primarily for the benefit of the parties and recount only the essential

facts.

On December 22, 2010, two months into his four-year term of supervised release,

McNish was arrested and charged in state court with escape, criminal conspiracy,

disorderly conduct, and possession of drug paraphernalia.  McNish pled guilty to

possession of drug paraphernalia.  The other charges were dismissed.

The District Court held a revocation of supervised release hearing based on the

conviction,[1] as well as McNish's failure to report to his Probation Officer at the

appointed times and failure to notify the Probation Officer of his change of address.  At

the revocation hearing, McNish admitted to the violations.

At sentencing, McNish sought a term of incarceration within the advisory

Guidelines range.  McNish presented mitigating circumstances and urged the court not to

impose any period of supervised release.  The District Court considered the factors set

---

[1]  As a condition of his supervised release, McNish was not to commit another federal, state, or local crime.

forth in 18 U.S.C. § 3553(a) and sentenced McNish to twelve months of incarceration and two years of supervised release.

## II. Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231, 3583(e). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III. Standard of Review

"In Anders v. California, 386 U.S. 738 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." United States v. Marvin, 211 F.3d 778, 779 (3d Cir. 2000). Under Anders, counsel seeking to withdraw from representation must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." Id. at 780. "The Court's inquiry when counsel submits an Anders brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements;[2] and (2) whether an

---

[2] Local Appellate Rule 109.2 provides, in pertinent part:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. . . . If [the court] finds arguable merit to the appeal, or that the Anders brief is inadequate to assist the court in its review, it will appoint

3

independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where frivolousness is patent, however, "we will not appoint new counsel even if an Anders brief is insufficient to discharge current counsel's obligations to his or her client and this court." United States v. Coleman, 575 F.3d 316, 321 (3d Cir. 2009).

A District Court's decision to revoke supervised release is reviewed for abuse of discretion. See United States v. Maloney, 513 F.3d 350, 354 (3d Cir. 2008). Factual findings are reviewed for clear error, and legal issues are reviewed de novo. See id.

## IV. Analysis

Counsel has satisfied his obligation to thoroughly search the record for any appealable issues, and has identified all potentially appealable issues, none of which is nonfrivolous. Only three issues could potentially form the basis of an appeal: (1) the District Court did not have jurisdiction to revoke the term of supervised release being served by McNish; (2) the District Court was required to find by a preponderance of the evidence that McNish violated the conditions of supervised release, which was not proven, see 18 U.S.C. § 3583(e); and (3) the District Court committed an abuse of discretion by not giving meaningful consideration to the factors listed in 18 U.S.C. § 3553(a). McNish did not file a brief. The Government agrees with defense counsel that no nonfrivolous issues exist on appeal.

---

substitute counsel, order supplemental briefing and restore the case to the calendar.

The District Court had jurisdiction, pursuant to 18 U.S.C. § 3583, which grants jurisdiction to the District Court over the imposition and revocation of McNish's supervised release. The underlying conviction and the violations of the conditions of supervised release all occurred in the Middle District of Pennsylvania. Appeal of the District Court's decision on this basis would be frivolous.

The second argument, that insufficient evidence existed to demonstrate the violation occurred, is also without merit. District courts have the authority to revoke a term of supervised release if they "find[] by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We have emphasized that in order "to revoke probation it is not necessary that the probationer be adjudged guilty of a crime, but only that the court be reasonably satisfied that he has violated one of the conditions." United States v. Poellnitz, 372 F.3d 562, 566 (3d Cir. 2004) (citing United States v. Manuszak, 532 F.2d 311, 317 (3d Cir. 1976)) (internal quotations omitted). McNish pled to the state court charge and admitted to the technical violations of his conditions of supervised release. Sufficient evidence existed to support the District Court's decision to revoke the supervised release.

The third issue to address is whether the District Court gave sufficient weight to the factors set forth in 18 U.S.C. § 3553(a). This issue also lacks merit. At the revocation hearing, McNish raised several arguments seeking mitigation of his sentence. The District Court considered the arguments, and concluded that the negative factors, such as the short period of time McNish had been on supervision before the crime

5

occurred, and McNish's criminal history, particularly regarding drug related offenses, warranted the sentence the District Court imposed. Further, the transcript of the sentencing hearing amply demonstrates the District Court's meaningful consideration of the 18 U.C.S. § 3553(a) factors. There is no basis for appeal on this issue.

## V. Conclusion

We find that no nonfrivolous issues exist for consideration on appeal. We will grant Counsel's motion to withdraw, pursuant to Anders, and affirm the judgment and conviction of the District Court. Counsel is also relieved of any obligation to file a petition for writ of certiorari in the Supreme Court. See 3d Cir. L.A.R. 109.2(b) (2011).